# RAYMOND NARDO, P.C.

ATTORNEY AT LAW

129 THIRD STREET, MINEOLA, NY 11501

Phone: (516)248-2121 | Fax: (516)742-7675 | Email **Raymondnardo@gmail.com**

April 1, 2020

BY ECF

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    *Loschke v. Incorporated Village of Floral Park*
               (19-CV-4859)

Dear Judge Cogan,

I represent the plaintiff in the above matter. On March 31, 2020, Your Honor ruled that trial exhibits 4 and 5, issued by New York regulatory authorities concerning the status of Dr. Cogan's medical license due to federal criminal conviction, were not admissible into evidence. Your Honor left open the question of whether or not Dr. Cogan's federal criminal conviction is admissible to impeach him. Under FRCP 609(a)(2), this conviction must be admitted because it involves dishonesty, or *crimen falsi*, which removes it from the 10 year balancing test in FRCP 609(b).

On or about January 13, 1989, Dr. Cogan pled guilty in the Southern District of New York to the federal crime of failing to pay excise taxes on the sale of two pen guns in 1984 and 1985. He was sentenced to two years of probation and paid a fine of $350.

26 U.S.C. § 4181 imposes an excise tax on the sale of firearms. In addition, 26 U.S.C. § 7201 states that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof" is guilty of a felony. 26 U.S.C. §§ 7202 and 7203 also criminalize the "willful failure" to file returns and the furnishing of a willful "false or fraudulent statement" in connection with excise taxes.

Rule 609(a) allows impeachment of a witness' character for truthfulness through a criminal conviction, and Rule 609(a)(2) states that "for any crime . . . the evidence *must be admitted* if the court can readily determine that establishing the elements of the crime required proving – or the witness' admitting – a dishonest act of false statement" (emphasis added). This type of crime – *crimen falsi* - is not subject to the 10 year balancing test set forth in Rule 609(b).

Letter to Judge Cogan
Page 2

---

The Committee Notes on Rules for the 2006 Amendment indicate that "Rule 609(a)(2) *mandates* the admission of evidence of a conviction only when the conviction required the proof of (or in the case of a guilty plea, the admission of) an act of dishonesty or false statement" (emphasis added). Further this amendment was "meant to give effect to the legislative intent to limit the convictions that are to be *automatically admitted* under subdivision (a)(2)" (emphasis added). This includes "'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness'] propensity to testify truthfully.'" Consequently, filing a false tax return, or the failure to file a tax return, is an act of dishonesty that constitutes a false statement, and impeachment on this basis cannot be excluded under FRCP 609.

In *Dean v. Trans World Airlines, Inc.*, 924 F.2d 805, 811 (9th Cir. 1991), the Ninth Circuit reversed and remanded where the District Court excluded a "misdemeanor conviction for failure to file a tax return." The Ninth Circuit held that a conviction for the failure to file a return - identical to the crime Dr. Cogan pled guilty to - "involves dishonesty within the meaning of Rule 609." *Id.* The Ninth Circuit "conclude[d] that the conviction should have been admitted under Rule 609," and that this the error was not harmless.

Similarly, in *United States v. Yang*, 887 F. Supp. 95 (S.D.N.Y. 1995), the prosecution sought to introduce evidence of Defendant's "two prior misdemeanor convictions for failure to file New York State income tax returns." The District Court held them to be admissible because, "[c]onviction under the New York statute, which requires intent to evade taxes, is therefore conviction of a crime involving dishonesty under FRE 609(a)(2)." *Id.* at 96. The court further opined that, "[t]his works no injustice, for tax evasion is perceived as involving dishonesty," and cited *Dean v. Trans World Airlines, Inc.*, *supra*.

Consequently, Dr. Cogan's criminal conviction for failure to pay excise taxes involves tax evasion and/or a false statement, or omission, and Rule 609(a)(2) mandates that this *crimen falsi* be admitted into evidence for the purpose of impeachment.

Thank you for your consideration.

Respectfully submitted,

RAYMOND NARDO, ESQ.

RN:rn
cc:   John Ryan, Esq. (by ECF)


RAYMOND NARDO, P.C.